This suit arises out of an automobile collision which occurred shortly before 9 o'clock on the morning of December 21, 1941 in the intersection of America with *Page 331 
331 So. 12th Street in the City of Baton Rouge. America Street runs east and west, and South 12th Street, which is also referred to as Liberty Street, runs north and south. America Street is 24 feet wide and Liberty Street is 19 feet in width. There are buildings located at the northwest and southwest corners of the intersection which obstruct the view of automobiles approaching the intersection from either of the streets, especially those going east on America Street and those going north and south on South 12th or Liberty Street.
This accident happened on a Sunday morning when the plaintiff's wife was returning home from church. She was going east on America Street and her husband alleges in his petition that she brought her automobile nearly to a stop as she approached the intersection so that she could observe beyond the obstructions at the corner if there was any traffic approaching in either direction on South 12th Street. That after she entered the intersection she observed an automobile on South 12th Street traveling north at a very high rate of speed and then applied her brakes and brought her car to a stop. It is then alleged that a Dodge automobile, belonging to the defendants herein, Anthony and Julius Wilson, being driven at the time by David Wilson was travelling north on Liberty Street and notwithstanding the fact that plaintiff's wife had already entered the intersection and brought her car to a stop, it kept on at its high rate of speed and crashed in the plaintiff's car on the front right side causing damage to it in the sum of $138.10. That represents the whole amount of his claim against the defendants.
The usual charges of negligence are made against the driver of the Dodge car that are made in cases of this kind, namely that he was not keeping a proper lookout, did not have his car under control and was driving at an excessive rate of speed. It is also charged that he should have seen plaintiff's automobile in the intersection, if he did not actually see it, and that in any event he had the last clear chance to avoid the accident. It is also alleged that the driver of the Dodge automobile was at the moment acting within the scope of his employment and performing duties for the defendants, his employers, according to their directions and instructions.
The defendants deny most of the allegations of the plaintiff's petition and allege that instead of driving at a low rate of speed, his wife approached the intersection at a dangerous and reckless rate and struck their car after it had entered the intersection and pre-empted the right of way. Assuming then the position of plaintiffs in reconvention they make allegations to that effect, charging negligence on the part of plaintiff's wife, whose negligence they aver was the sole and proximate cause of the accident and they ask for damages to their car in the sum of $250. In order to impose liability on the plaintiff they make the necessary allegation that his wife was driving the car with his knowledge and consent and was on a mission of the community existing between them, at the time of the accident.
The case was heard in the district court on the issues as thus presented and resulted in a judgment in favor of the plaintiff in the sum prayed for. The judgment is silent as to the reconventional demand but the implication is that the negligence of the driver of the defendant car was the sole and proximate cause of the accident and with a judgment in favor of the plaintiff the reconventional demand necessarily had to fall.
No one was in the car with Mrs. Glazner at the time of the accident but a witness by the name of R.R. Sanchez who happened to be stepping out of his car which had stopped about 200 feet north of the intersection, and says that he was looking directly at the intersection at the moment, saw what happened and he strongly corroborates the testimony of Mrs. Glazner in so far as it relates to the actual impact. In the defendant's car with the driver, whose real name is Robert and not David, Wilson, was another negro by the name of Jim Francis. Another negro by the name of Ed. Nelson claims to have seen the accident and testified on behalf of the defendants.
Mrs. Glazner is very positive that she was driving very slowly as she approached the intersection and that because of the obstructions on the southwest corner she was very careful in observing if there was any traffic coming from the south on Liberty Street. She did observe the Wilson car coming at what she considered a terrific rate of speed but it was then at a distance which she estimates to be about one-half to three fourths the length of the *Page 332 
court room. Unfortunately we do not know what the length of the court room is and there is nothing in the record to inform us on that point. We understand her to mean however that she considered the car far away enough from the intersection at the time to give her the opportunity of getting across, even though she was driving 10 or 15 miles per hour. When she saw that it would not stop and she would not have time to make it completely across she brought her car to a stop at a point which she considers to be about the center of the intersection as she says it was practically at the manhole which is said to be in the middle. She says that when the driver of the other car saw her, he swerved to miss striking her car and the back of his car hit the right side of hers. After the impact her car remained in the intersection, having been knocked a bit north by the force of the blow, but the other car continued straight north about 50 feet then turned completely around and fell over on its side. The damage to her car was all to the right side on the front as is shown by the photographs which were introduced in evidence.
Mr. Sanchez was one of a party of five in an automobile who were going hunting that morning. He was about 200 feet north from the point of the accident and stepping out of his car when he saw it. He says that Mrs. Glazner stopped her car in the middle of the intersection, that the other car tried to miss her by pulling to the right but that it hit the curb of the street on the east side and was then knocked back into the Glazner car. After striking the Clazner car, the other car continued down the street and turned over. The distance from the point of the impact to where it turned over was about 53 feet.
[1, 2] The testimony of Robert Wilson and Jim Francis is just the opposite of that of Mrs. Glazner and Mr. Sanchez as they both testify that their car was the one that entered the intersection first and that she came into it at a high rate of speed and struck their car on the left side. Both accounts of course cannot be correct and in view of the fact that the trial judge accepted the version given by the plaintiff and her witness we have to apply the rule in such cases which attaches great weight to his finding unless shown to be manifestly erroneous. There certainly is no manifest error in this case and we believe on the contrary that the physical facts strongly bear out his holding. There could be no reason for the Glazner car to have stopped almost still in the intersection after the impact and for the other car to have gone on over 50 feet further from that point and turning over on its side, unless it was the latter that was going at an excessive rate of speed in the intersection and was the offending car.
Counsel for the defendants strongly urges upon the court to carefully inspect the photographs of the Glazner car that were offered in evidence by the plaintiff, and which he contends show that it was that car which ran into the other. We believe on the contrary that the pictures demonstrate that the blow was on the right front corner of the plaintiff's car with damage to the left side resulting only from the effects of that blow. But at any rate, what circumstances may arise out of the showing of these photographs is not sufficient, in our opinion, to overcome the testimony of plaintiff's wife and her witnesses which is so strongly corroborated by the physical facts pointed out.
The demand, as already stated, is one only for damages caused to the plaintiff's automobile, proper proof of which was made, and for the reasons herein stated the judgment which awarded them is affirmed at the costs of the defendants, appellants herein.